EL PUEBLO, DEMANDANTE Y APELADO, *v.* HERNÁNDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción de la sección 61 de la Ley de Arbitrios.

No. 1841.—Resuelto en diciembre 13, 1921.

JURISDICCIÓN—PRUEBA.—La jurisdicción no es necesario demostrarla con prueba directa y positiva. Será bastante con que pueda razonablemente inferirse de los hechos y circunstancias que se hayan probado y estén envueltos en la acción criminal, o que pueda inferirse de las circunstancias que el delito fué cometido en el sitio alegado.

EVIDENCIA ADMITIDA DESPUÉS DE PRESENTADA MOCIÓN DE NON SUIT—DISCRECIÓN JUDICIAL.—La admisión de prueba después de haber sido sometida una moción de *non suit* descansa en el poder discrecional de las cortes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. E. Martínez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El apelante fué acusado por delito de infracción a la sección 61 de la Ley de Arbitrios, consistente en el hecho de

que en abril 29, 1921, en el barrio Valenciano, de Juncos, del distrito judicial del juzgado de paz de Juncos, que forma parte del Distrito Judicial Municipal de San Lorenzo, P. R., y a su vez del Distrito Judicial de Humacao, P. R., voluntaria e ilegalmente estaba en posesión como dueño, de un alambique de hierro galvanizado como de dos galones de capacidad y una serpentina de cobre, sin tener inscrito en el Departamento de Tesorería el referido alambique.

Practicada la prueba por el fiscal, la defensa del acusado presentó moción de *non suit* fundada en que si bien en el juicio se había hablado de la casa de Rafael Hernández donde fué ocupado el alambique, no se había suministrado prueba alguna acerca del pueblo o lugar en que radicaba dicha casa, elemento esencialísimo para determinar la jurisdicción de la corte. El fiscal se opuso a la moción alegando que si bien de las manifestaciones hechas por los testigos que habían declarado podía inferirse que el hecho ocurrió en el barrio Valenciano, de Juncos, pertenecientes al Distrito Judicial de Humacao, en bien de la justicia proponía la presentación de un testigo con el fin de que aclarara ante la mente de la corte la cuestión de jurisdicción levantada, por más que en su sentir estaba completamente clara. La defensa se opuso a la declaración de ese testigo e insistió en que se dictara resolución sobre la moción de *non suit*. Y la corte entonces resolvió que aunque podía inferirse que el barrio Valenciano pertenece a Juncos, admitía la declaración del testigo propuesta por el fiscal, desestimándose así la moción de *non suit*.

Dicho testigo, el mismo Ramón Azpurúa que antes había declarado, explicó que la casa donde fué ocupado el alambique radica en el barrio Valenciano, perteneciente al pueblo de Juncos, donde ejerce sus funciones como jefe de policía.

Subsiguientemente fué pronunciada sentencia en 5 de agosto de 1921 por la que se declara al acusado culpable y se le impone la pena de cien dollars de multa, debiendo sufrir en defecto de pago un día de cárcel por cada dólar que deje

de satisfacer, sin que la prisión subsidiaria pueda exceder de noventa días, y contra esa sentencia fué interpuesto el presente recurso, el cual se funda:

Primero: En que la corte erró al declarar sin lugar la moción de *non suit*.

Segundo: En que también erró al admitir prueba al fiscal después de hecha la moción de *non suit*.

Tercero: En que igualmente la corte cometió error al declarar culpable al acusado sin prueba alguna con relación al año en que fué cometido el delito.

Para considerar el primer motivo del recurso deben tenerse en cuenta las declaraciones de los testigos Ramón Azpurúa y Emilio Castro, de los cuales el primero declara que es jefe de distrito de Juncos, y allí se encuentra destacado; que en uno de los días del mes de abril tuvo informes de que en la residencia de Ramón Hernández, residente en el barrio Valenciano, había un alambique; que obtuvo una orden de allanamiento del juez de paz y fué a dicho barrio con el guardia Emilio Castro; que ambos entraron en la casa de Ramón Hernández, que es el padre del acusado y cerca de ella fué ocupado el alambique, el cual según manifestación de Ramón, pertenecía a su hijo Rafael. El otro testigo Emilio Castro dice que reside en Juncos y ocupa un puesto de policía insular de Juncos, y que en el mes de abril, requerido por su jefe, Azpurúa, de Juncos, fueron ambos al barrio de Valenciano y en la casa o finca de Ramón Hernández, ocuparon el alambique que el mismo Ramón manifestó ser de su hijo Rafael.

De dichas declaraciones se desprende que ambos testigos pertenecen al cuerpo de la policía insular destacada en Juncos, donde tienen que ejercer sus funciones; que el juez de paz de dicho pueblo, cuya jurisdicción está limitada al mismo, fué quien expidió la orden de allanamiento, y que el alambique fué ocupado en el barrio Valenciano, que según la denuncia radica en el término municipal de Juncos.

De los hechos expuestos razonablemente puede inferirse que el delito se cometió en el barrio Valenciano, de la jurisdicción de Juncos, sin que fuera necesario demostrarlo por prueba directa o positiva. Decisión en el caso de *El Pueblo v. Llabrés,* 29 D. P. R. 749.

Pero de todos modos, cualquier duda que hubiera habido sobre la jurisdicción de la corte quedó desvanecida por la explicación que dió el testigo Azpurúa después de presentada la moción de *non suit.* Y no cometió error la corte al admitir que Azpurúa declarara cuando la moción de *non suit* había sido ya presentada, pues tenía poder discrecional para proceder así. *El Pueblo v. Julián,* 18 D. P. R. 940; 16 C. J. 870 *et seq.*

El primero y segundo motivos del recurso son insostenibles.

En cuanto al tercer motivo, los testigos que declararon en el juicio expresamente se refirieron al mes de abril, cuyo mes no podía ser otro que el del año de 1921, a que se contrae la denuncia, y por tanto, hay prueba de que el delito fué cometido dentro del año prevenido por el estatuto de limitaciones.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Juéces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.